UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> ESTATE OF ROBERT COWAN *et al.*, <br><br> Defendants. | Civil No. 10cv821-L(JMA) <br><br> **ORDER REGARDING COMPLIANCE WITH 28 U.S.C. §1335(a)(2)** |

On April 19, 2010 Plaintiff filed a complaint in interpleader alleging subject matter jurisdiction pursuant to 28 U.S.C. Section 1335. Section 1335 requires, among other things and as more specifically provided therein, the plaintiff to deposit into the registry of the court the funds in dispute or give a bond payable to the clerk of the court. The requirement to make a deposit or give a bond is jurisdictional and failure to comply requires dismissal of the complaint. *See N.Y. Life Ins. Co. v. Lee*, 232 F.2d 811 (9th Cir. 1956); *see also* 28 U.S.C. § 1335(a) ("The district courts shall have original jurisdiction of any civil action of interpleader . . ., if . . . (2) the plaintiff has deposited such money or property . . . into the registry of the court, . . . or has given bond payable to the clerk of the court . . .."). Plaintiff so far has not made a deposit or given a bond as required. Accordingly, it is hereby **ORDERED** that no later than **June 4, 2010** Plaintiff

/ / / / /

comply with the requirements of section 1335(a)(2). If Plaintiff fails timely to comply with this order, the complaint will be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

DATED: May 19, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL