UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> ESTATE OF ROBERT COWAN *et al.*, <br><br> Defendants; <br>_____ <br> AND RELATED COUNTERCLAIM AND CROSSCLAIM. <br>_____ | Civil No. 10cv821-L(BGS) <br><br> **ORDER GRANTING EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO THE COMPLAINT AND THE CROSSCLAIM** |

On June 30, 2010 Defendants Suzanne Dimeff ("Dimeff") and Oleta L. Cowan Trust ("Trust") filed an ex parte application requesting an extension of time to respond to the complaint and the "Counter/Cross Claim" of Defendant Estate of Robert Cowan ("Estate"). This is their fourth request for extension of time.

In this interpleader action Plaintiffs request the court to determine how to distribute the late Robert Cowan's share of the attorney's fees and costs earned in the Exxon Valdez litigation among three claimants – the Estate, Robert Cowan's sister Suzanne Dimeff, and Robert Cowan's late mother's trust, the Oletta L. Cowan Trust. These claimants are currently involved in probate

litigation[1] in the Superior Court for the State of Alaska which involves, among other things, their respective right to a distribution of Robert Cowan's portion of the Exxon Valdez attorney's fees and costs.  In that litigation, pursuant to the Estate's motion, the Alaska probate court enjoined Dimeff and the Trust from filing claims in other proceedings.  According to Dimeff and the Trust, the order precludes them from filing answers and their own counterclaim against Plaintiffs and crossclaim against the Estate.  While they filed a motion to vacate the order in probate action,[2] the order so far has not been vacated.[3]  (Ex parte App. at 2; Decl. of Don Howrath field June 30, 2010 ("Howrath Decl.") at 1.)

Based on the foregoing, Dimeff and the Trust request another extension of time to respond to the complaint and the Estate's crossclaim.  While Plaintiffs allegedly agreed to an extension until July 15, 2010, the Estate would prefer a stay of this case.  (Howrath Decl. at 2.)

In addition to requesting the extension of time to respond, Dimeff and the Trust suggest that this court should *sua sponte* take action to enjoin the Estate's activities or the probate action in Alaska.  (Ex parte App. at 3, 4; Howrath Decl. at 1.)  They have not filed any motions requesting this type of relief.  If they want the court to issue an order enjoining the probate action or the Estate's related activities, they must do so by a motion and state precisely what relief they seek.  *See* Fed. R. Civ. Proc. 7(b).  If they choose to file such motion, they should discuss, in addition to all other pertinent issues, the probate exception to federal jurisdiction in order to define the scope of any appropriate relief.  *See Marshall v. Marshall*, 547 U.S. 293 (2006); *see also Franklin Life Ins. Co. v. Mast*, 435 F.2d 1038, 1042 (9th Cir. 1970)

---

[1]  To date no party has indicated when the probate litigation commenced.  As Mr. Cowan died in 2003 (Compl. at 1), it appears that the proceedings have been pending for several years now.

[2]  Contrary to their representation (Ex parte App. at 2), this court has not received a courtesy copy of the motion to vacate filed in the probate action.  The court typically does not consider papers which have not been filed in this court's file.  Merely delivering them to chambers would not be sufficient to warrant consideration.

[3]  Dimeff and the Trust do not state whether the order has not been vacated because their motion has not been ruled upon or because their motion was denied.

(interpleader).[4]

Based on the foregoing, the court finds good cause pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 12.1, to **GRANT** the ex parte application. No later than **July 15, 2010** Defendants Suzanne Dimeff and Oleta L. Cowan Trust shall file and serve responses to the complaint and the crossclaim. If they want the court to issue injunctive or any other relief, they must file an appropriate motion.

**IT IS SO ORDERED**.

DATED: July 6, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[4] In suggesting that the court should act *sua sponte* on their behalf in enjoining the probate action, Dimeff and the Trust rely entirely on out-of-circuit precedent. (*See* Ex parte App. at 4.) Should in any future filings they again desire to rely on persuasive rather than binding precedent, they must state that despite diligent research, they were not able to find a binding precedent addressing the issue, whether contrary to or in support of their position.