UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP *et al.*<br><br>  Plaintiffs,<br><br>v.<br><br>ESTATE OF ROBERT COWAN *et al.*,<br><br>  Defendants;<br>_____<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS.<br>_____ | Civil No. 10cv821-L(BGS)<br><br>**ORDER (1) DENYING ESTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO STAY; AND (2) GRANTING IN PART AND DENYING IN PART TRUST'S MOTION FOR INJUNCTION** |

Plaintiffs Casey Gerry Schenk, Francavilla, Blatt & Penfield LLP and Bixby, Cowan & Gerry JV are a joint venture formed by certain plaintiffs' attorneys in the Exxon Valdez litigation. In this interpleader action they request the court to determine how to distribute the late Robert Cowan's share of the funds they earned in the litigation ("Mr. Cowan's Share" and "Joint Venture Funds," respectively). Three Defendants claim the right to Mr. Cowan's Share of the Joint Venture Funds – Estate of Robert Cowan ("Estate"), Robert Cowan's sister Suzanne Dimeff, and Robert Cowan's late mother's trust, the Oletta L. Cowan Trust ("Trust"). Since Mr. Cowan's death in 2003, these claimants have been involved in probate litigation in the Superior Court for the State of Alaska ("Probate Action"), which involves, among other things, their

respective rights to Mr. Cowan's portion of the Exxon Valdez attorney's fees and costs. The issue whether Mr. Cowan's Share of the Joint Venture Funds is the same as his share of the Exxon Valdez attorney's fees is disputed.

On April 19, 2010 Plaintiffs filed a complaint in interpleader in this court. Pursuant to 28 U.S.C. Section 2361, they also requested an injunction precluding Defendants from engaging in other proceedings related to Mr. Cowan's Share of the Joint Venture Funds and an order discharging them from further liability regarding the distribution of Mr. Cowan's Share. They deposited over $1.9 million in the court registry, representing what they believe is Mr. Cowan's Share. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1335.

On June 1, 2010 the Estate filed a counterclaim against Plaintiffs and a crossclaim against the Trust and Ms. Dimeff. Although the counterclaim and crossclaim do not clearly set forth the causes of action or expressly state against whom the causes of action are asserted, it appears the Estate is claiming that the Trust and Ms. Dimeff breached a 2005 settlement agreement made in the Probate Action, which allegedly provided that any attorney's fees Mr. Cowan earned in the Exxon Valdez litigation be handled as an asset of the Estate, and distributed according to Mr. Cowan's will and trust. As to Plaintiffs, it appears the Estate is claiming that the joint venture wrongfully failed to pay Mr. Cowan's Share of the Joint Venture Funds directly to the Estate "despite being made aware of the 2005 settlement agreement." (Answer to Compl. for Interpleader and Declaratory Relief, filed 6/1/10, at 22.)

On July 15, 2010 the Trust filed a counterclaim against Plaintiffs and a crossclaim against in the Estate. The Trust argues that pursuant to the adjudication in an Alaska federal action, the Estate is not entitled to Mr. Cowan's portion of the attorney's fees earned in the Exxon Valdez litigation, and that, according to the joint venture agreement, it is also not entitled to his portion of joint venture profits. The Trust asserts claims for breach of the joint venture agreement and breach of fiduciary duty against Plaintiffs. Against the Estate, it asserts a claim for intentional interference with Plaintiffs' performance of the joint venture agreement.

Ms. Dimeff has not answered the complaint or the Estate's crossclaim asserted against her

and has not filed any counterclaims or crossclaims. It is undisputed that on May 5, 2010, pursuant to the Estate's motion, the Alaska probate court enjoined Ms. Dimeff from participating in other proceedings, including this interpleader action ("Cease and Desist Order").

The Trust filed a motion seeking to enjoin the Estate and the Alaska probate court from, among other things, "any actions which would undermine the jurisdiction of this court, including those preventing Defendant Suzanne Dimeff . . . from answering the complaint and cross complaint, filed by [the Estate], and from filing affirmative claims Defendant Dimeff has against any parties to this action, including the [Estate] and Interpleader Plaintiffs." (Mem. of P.&A. in Supp. of Mot. of Def. the Oleta L. Cowan Trust for Inj. ("Trust Mot.") at 1.) The Estate opposed Ms. Dimeff's motion and cross-moved for judgment on the pleadings or, in the alternative, for stay of this action. Plaintiffs filed a brief in support of the Trust's motion and in opposition to the Estate's motion.[1] For the reasons which follow, the Estate motion for judgment on the pleadings or, in the alternative, stay of this action is **DENIED**. The Trust's motion for injunction is **GRANTED IN PART AND DENIED IN PART**.

In its motion for judgment on the pleadings, the Estate argues that the interpleader action should be dismissed because the court lacks jurisdiction pursuant to the probate exception to federal jurisdiction or that the court should abstain from exercising federal jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In the alternative, the Estate requests a stay under *Younger*. It also argues that this action should be dismissed and funds paid over to the Estate because all issues regarding the distribution of Mr. Cowan's Share of the Joint Venture Funds have already been adjudicated in the Probate Action.

The probate exception is a longstanding limitation on federal jurisdiction otherwise

---

[1] Contrary to the Estate's contention (Am. Reply at 10 n.7), the Estate and the Trust were given an opportunity to respond to Plaintiffs' brief. (Order Setting Briefing Schedule, filed 9/27/10, at 2.) This was in addition to the supplemental brief the Estate was permitted to file after Plaintiffs had filed their brief and after the September 30, 2010 partial judgment in the Probate Action. (*See* Order Granting Ex Parte Application for Leave to File Supplemental Brief, filed 10/15/10.) To the extent the Estate is alluding to the page limitations set forth in the Civil Local Rules of this District, the Estate did not request leave from the limitations. Alternatively, the Estate perhaps should have reconsidered the repetition of material covered in its supplemental brief (Am. Reply at 3-7) and the extensive references to *Alice in Wonderland* and *Bleak House* (*id.* at 1, 10 & n.6) in favor of thoroughly briefing substantive issues instead.

properly exercised. *Marshall v. Marshall*, 547 U.S. 293, 299 (2006). It is a judicially created doctrine not compelled by the text of the Constitution or federal statute. *Id*.

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id*. at 311-12.

Although this interpleader action involves property which may become a part of the probate estate in the Probate Action, it does not itself involve the probate of a will or administration of the estate. *See Franklin Life Ins. Co. v. Sandusky*, 435 F.2d 1038, 1042 (9th Cir. 1970) (effect of a codicil purporting to change beneficiaries of a life insurance policy properly within federal jurisdiction, citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Furthermore, this action does not seek to dispose of any property in custody of the Alaska probate court. The property involved in this action has been deposited into the registry of this court. The probate exception therefore does not require this court to decline exercising federal jurisdiction under 28 U.S.C. Section 1335.

Like the probate exception, *Younger* abstention is a jurisprudential doctrine. *See San Jose Silicon Valley Chamber of Commerce Political Action Com. v. San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). It is "rooted in overlapping principles of equity, comity, and federalism." *Id*. Under *Younger*, a federal court must abstain from exercising federal jurisdiction if four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*Id*. at 1092. "[T]he limited circumstances in which abstention by federal courts is appropriate remain the exception rather than the rule." *Id*. (internal quotation marks and citations omitted).

The Estate, in arguing that the court should dismiss or stay this action under *Younger* abstention, did not address the issue whether this interpleader action would enjoin, or have the practical effect of enjoining, the Probate Action. It would not. Plaintiffs do not seek to enjoin

the Probate Action but seek a discharge from further liability regarding the distribution of Mr. Cowan's Share of the Joint Venture Funds. To the extent this court needs to decide how to distribute the funds among the three Defendants, the preclusive effect of the doctrine of res judicata applies to the extent the Alaska probate court has already adjudicated issues and claims presented herein. Therefore, in addition to not directly enjoining the Probate Action, the relief sought in this action also would not have the practical effect of enjoining it. *See id.* at 1096 n.4.

The Estate also did not address the issue whether Plaintiffs would be barred from litigating their claims in the Probate Action. This factor requires that the plaintiff have a "full and fair opportunity to litigate" in state court. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986). It is undisputed that Plaintiffs have not been made parties to the Probate Action. During the many years of negotiation and bitter litigation, the Alaska probate court has adjudicated many important issues, some of them to judgment; however, Plaintiffs did not have the opportunity to present their issues. Plaintiffs therefore cannot be said to have a full and fair opportunity to litigate their issues in the Probate Action. The Estate's argument that the court should decline to exercise federal jurisdiction based on *Younger* abstention, permanently or temporarily, is therefore rejected.

Next, the Estate argues that the Alaska probate court has already decided the rights to Mr. Cowan's Share of the Joint Venture Funds in its September 30, 2010 partial judgment and that this action should be dismissed based on the doctrine of res judicata. "Through the Full Faith and Credit Act, 28 U.S.C. § 1738, 'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so.'" *In re Marshall (Marshall v. Stern)*, 600 F.3d 1037, 1061 (9th Cir. 2010), quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Federal courts apply the law of the state where the judgment was rendered to determine the preclusive effect of a state court judgment. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1981).

Similarly to federal law, under Alaska law

> *Res judicata* consists of both claim preclusion and issue preclusion. Claim preclusion prevents a party from suing on a claim which has been previously litigated to a final judgment by that party and precludes the assertion by such

> parties of any legal theory, cause of action, or defense which could have been asserted in that action. [A] final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action.
>
> Whereas claim preclusion bars the litigation of any cause of action arising out of a claim which has already been litigated, issue preclusion, or collateral estoppel, renders an issue of fact or law which has already been decided by a court of competent jurisdiction conclusive in a subsequent action between the same parties, whether on the same or a different claim. To determine whether issue preclusion applies, [Alaska courts] ask whether: [¶] (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; [¶] (2) the issue precluded from relitigation is identical to the issue decided in the first action; [¶] (3) the issue was resolved in the first action by a final judgment on the merits; and [¶] (4) the determination of the issue was essential to the final judgment.

*McElroy v. Kennedy*, 74 P.3d 903, 906-07 (Alaska Supr. Ct. 2003) (internal quotation marks, ellipses, footnotes and citations omitted).

It is undisputed that Plaintiffs have never been parties in the Probate Action. The Estate also does not contend that Plaintiffs are in privity with any parties in the Probate Action. With the interpleader action, Plaintiffs seek discharge from liability regarding distribution of Mr. Cowan's Share of the Joint Venture Funds. The Estate does not contend that the issues presented in the interpleader action – whether there are multiple potential claimants to Mr. Cowan's Share of the Joint Venture Funds and whether Plaintiffs should be discharged from liability after depositing the funds with the court – have been adjudicated in the Probate Action.[2] Plaintiffs are therefore not precluded by res judicata from proceeding with their interpleader action, and their complaint in interpleader cannot be dismissed on this ground. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1023, 1024 (9th Cir. 2010).

The Estate also contends that Ms. Dimeff's and the Trust's claims are precluded by res judicata and that this action should be dismissed because there can be no true conflict over who should get Mr. Cowan's Share of the Joint Venture Funds. Although the Estate may well be correct that res judicata bars the claims, the issue is prematurely raised. "A stakeholder may file an interpleader action to protect itself against potential, as well as actual, claims." *Mack*, 619

---

[2] In the reply brief, the Estate admits that it is asserting res judicata only against the Trust and Ms. Dimeff. (Am. Reply at 7.)

F.3d at 1023. The Estate's contention that the Trust's and Ms. Dimeff's claims are barred and therefore without merit does not detract from the fact that even unmeritorious claims constitute potential claims. Furthermore, the res judicata argument would require the court to rule on the merits of Defendants' respective claims. To do so at this stage in the case would be "backwards to the usual order" in interpleader proceedings. *See Mack*, 619 F.3d at 1024.

> An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought, the district court will then make a determination of the respective rights of the claimants.

*Mack*, 619 F.3d at 1023-24, quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999) (internal citations omitted).

For interpleader to be held improper, as the Estate urges, "based on the merits of the claims being asserted against the fund or stakeholder, courts would be required to address the merits of the claims before propriety of the interpleader." *Id*. at 1024. In this case, it would mean to address the merits of the res judicata arguments. Not only would this "defeat the resource-conservation purposes of interpleader," it is "error for the district court to dismiss the interpleader complaint . . . because of collateral estoppel." *Id*. at 1024, 1023. The issue whether the Trust's or Ms. Dimeff's claims in this action are barred is prematurely raised. *See Mack*, 619 F.3d at 1024.

The Estate's suggestion that Plaintiffs cannot be awarded a discharge from further liability, an issue relevant to the first stage of interpleader litigation, was raised in a footnote without citation to any legal authority which would support dismissal of the interpleader complaint. (Supplemental Brief at 9 n.4.) Accordingly, this argument is rejected.

Based on the foregoing, the Estate has not presented any persuasive grounds why this interpleader action should be dismissed. In addition, the Estate has not shown that the court should decline to exercise federal jurisdiction. Its motion for judgment on the pleadings or, in the alternative, for stay is therefore **DENIED**.

On the other hand, the Trust has moved to enjoin the Estate and the Alaska probate court

from preventing Ms. Dimeff from answering the complaint and crossclaim and filing affirmative claims in this action. On May 5, 2010, after this action was commenced, the Alaska probate court issued the Cease and Desist Order granting the Estate's motion to enjoin Ms. Dimeff from taking certain actions. The order included the following provisions:

> Suzanne Dimeff shall immediately cease and desist from presenting, filing or pursuing any claims, suits or requests for arbitration, individually or on behalf of others, in any forum other than this Court, that seek to claim, arbitrate or adjudicate the right to any portion of the Exxon Valdez litigation attorneys fees and costs obtained or to be obtained in the future by Bixby, Cowan Geary Joint Venture, which were either apportioned to Robert Cowan or his Estate by the Bixby, Cowan Geary Joint Venture and/or claimed by the personal representative of the Robert Cowan Estate or his appointed attorneys.
>
> . . . [¶] Suzanne Dimeff shall immediately cease and desist any further actions, in any forum other than this Court that would in any manner, impede, prevent or delay payment to the personal representative of the Robert Cowan Estate or alternatively to this Court by way of interpleader, of Robert Cowan's share of the Exxon Valdez litigation attorneys fees and costs obtained or to be obtained in the future by Bixby, Cowan Geary Joint Venture, which were either apportioned to Robert Cowan or his Estate by the Bixby, Cowan Geary Joint Venture and/or claimed by the personal representative of the Robert Cowan Estate or his appointed attorneys. The Court understands that this amount presently approximates $1,900,000 and is being held by the Casey Geary firm.

None of the parties dispute that this order precludes Ms. Dimeff from appearing in this interpleader action.

The order purports to interfere with this interpleader proceeding. If Ms. Dimeff cannot appear to defend against Plaintiffs' complaint and the Estate's crossclaim, and to assert her own claims, this court is impeded in exercising its jurisdiction under the interpleader statute.

> The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund. This includes protecting against the possibility of court-imposed liability to a second claimant where the stakeholder has already voluntarily paid a first claimant. But it also includes limiting litigation expenses, which is not dependent on the merits of adverse claims, only their existence.

*Mack*, 619 F.3d at 1024 (internal quotation marks and citation omitted). If Ms. Dimeff is enjoined from appearing in this action, this court may not be able to obtain personal jurisdiction over her, and a judgment in this action might not be binding against her. *See, e.g., Hanson v. Denckla*, 357 U.S. 235 (1958); *Kremer*, 456 U.S. at 481-82 (for a judgment to be entitled to full faith and credit under 28 U.S.C. § 1738, the litigant must have had a full and fair opportunity to

litigate); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (federal court "may not attempt to determine the rights of persons not before the court."). This would preclude Plaintiffs from obtaining the requested relief under 28 U.S.C. Section 2361. If Ms. Dimeff is precluded from appearing, this action will be ineffective and *de facto* enjoined.[3]

The Alaska probate court had no authority to restrain this proceeding. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1229 (9th Cir. 2009).

> While Congress has seen fit to authorize courts of the United States to restrain state-court proceedings in some special circumstances [including interpleader actions], it has in no way relaxed the old and well-established judicially declared rule that state courts are completely without power to restrain federal-court proceedings in *in personam* actions . . ..

*Donovan v. City of Dallas*, 377 U.S. 408, 412-13 (1964) (footnotes omitted). Another "exception has been made in cases where a court has custody of property, that is, proceedings *in rem* or *quasi in rem*. In such cases . . . the state or federal court having custody of such property has exclusive jurisdiction to proceed." *Id*. at 412.

The parties have not addressed the issue whether the present interpleader action is a proceeding *in personam*, *in rem* or *quasi in rem*. The court need not resolve this issue here. To the extent it is an *in rem* proceeding, the property subject to the decision of this court has been deposited in its registry. To the extent it is *in personam*, the Alaska probate court had no authority to restrain it. It does not matter that the order was addressed to a party rather than to the federal court itself, and that a judgment has issued. *Donovan*, 377 U.S. at 413.

The Cease and Desist Order therefore cannot be given the effect of enjoining Ms. Dimeff from appearing in this action. Although the partial judgment of the Alaska probate court may have a preclusive effect on Ms. Dimeff's claims or issues, the state court "cannot enforce that preclusive effect via an injunction that reaches out to constrain the workings of the federal court." *Proctor*, 584 F.3d at 1229.

---

[3] In a footnote, without citation to any legal authority, the Estate asserts that Plaintiffs have no standing to challenge the Cease and Desist Order. (Am. Reply at 10 n.7.) The court need not consider this contention because it is not properly supported. Nevertheless, given the stake Plaintiffs have in their ability to secure a judgment enforceable against all named Defendants, they have standing to argue in support of the Trust's motion for injunctive relief to enable Ms. Dimeff to appear in this action.

> Because the Cease and Desist Order simply cannot have the effect it purports to have, a federal court has no basis for giving it that effect, whether as a matter of comity or otherwise. Rather, as in other circumstances, federal courts are nearly always obliged to exercise their jurisdiction absent some recognized basis for not doing so.

*See Proctor*, 584 F.3d at 1230.

Injunctive relief allowing Ms. Dimeff to participate in this action is therefore appropriate. The Congress expressly authorized federal courts to enjoin claimants in interpleader actions from interfering with the interpleader action through their actions in other court proceedings. 28 U.S.C. § 2361. However, the Trust's requested injunction, which seeks prohibitions against the actions the Estate or the Alaska probate court may take, is overbroad. Accordingly, its motion for injunction is **GRANTED IN PART AND DENIED IN PART**.

In one line in a footnote of its reply brief, the Estate contends that under the *Rooker-Feldman* doctrine this court lacks jurisdiction to consider the validity of the Cease and Desist Order. This issue was not raised in the Estate's moving papers or in its supplemental brief. The Trust therefore did not have an opportunity to respond. The court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The argument is therefore rejected.

In the alternative, the Estate's argument is rejected because the *Rooker-Feldman* doctrine has no application in this interpleader action. Under the doctrine, "[a]s courts of original jurisdiction . . . federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings." *Doe & Assoc. Las Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" *Id*. at 1030, quoting *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 n.1 (1983). Accordingly,

> If a federal plaintiff asserts a legal wrong or an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the

other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-precluded under § 1738. But in neither of these circumstances does *Rooker-Feldman* bar jurisdiction.

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

Plaintiffs are neither seeking review of the Alaska probate court's partial judgment nor relief from it. To the extent the Trust has moved this court for injunctive relief to allow all claimants to appear, as is necessary for the prosecution of an interpleader action, the *Rooker-Feldman* doctrine is not implicated. *See Donovan*, 377 U.S. at 412-13; *Proctor*, 584 F.3d at 1229-30. To the extent the Estate, the Trust and Ms. Dimeff intend to argue the effect of the Alaska probate court judgment, this does not subject it to review in this court and the *Rooker-Feldman* doctrine is again inapplicable. The Estate's argument is therefore rejected.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Estate's motion for judgment on the pleadings or, in the alternative, for stay is **DENIED**.

2. The Trust's motion for injunction is **GRANTED IN PART AND DENIED IN PART**.

3. The Estate of Robert Cowan is hereby **RESTRAINED** from (1) instituting or prosecuting any proceeding in State or United States court affecting the property, instrument or obligation involved in this interpleader action until further order of this court; and (2) taking any action outside of this proceeding, including any action in the Superior Court for the State of Alaska, Third Judicial District at Kenai, in Case No. 3KN-04-52 PR/E, to preclude or impede Suzanne Dimeff from filing an answer to the complaint or crossclaim filed in this action against her, from filing any counterclaim or crossclaim in this action, or from taking any steps herein to pursue or defend her claims, all of which may affect the property, instrument or obligation involved in this interpleader action.

4. Furthermore, the Estate of Robert Cowan is **ORDERED** no later than **April 11, 2011**

to file in the Superior Court for the State of Alaska, Third Judicial District at Kenai, in Case No. 3KN-04-52 PR/E, (1) a notice of withdrawing its motion which led to the issuance of the May 5, 2010 Cease and Desist Order; and (2) a motion to vacate the May 5, 2010 Cease and Desist Order and amend the September 30, 2010 judgment accordingly.

5.  It is further **ORDERED** that no later than **April 15, 2011** the Estate of Robert Cowan shall filed proof with this court of compliance with this order.

6.  It is further **ORDERED** that no later than **April 29, 2011** Suzanne Dimeff shall file and serve responses, if any, to the complaint and crossclaims together with any counterclaims or crossclaims she intends to file in this action.

**IT IS SO ORDERED**.

DATED:  March 30, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL