# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP *et al.*,<br><br>    Plaintiff,<br><br>  vs.<br><br>ESTATE OF ROBERT COWAN *et al.*,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | CASE NO. 10CV821 JLS (BGS)<br><br>**ORDER (1) GRANTING DEFENDANT ESTATE OF ROBERT COWAN'S** *EX PARTE* **APPLICATION FOR INSTRUCTION AND (2) DENYING MOTION FOR RECONSIDERATION OR CLARIFICATION**<br><br>(ECF Nos. 70, 93) |

Presently before the Court are Defendant Estate of Robert Cowan's ("Estate") *ex parte* application for instruction regarding pending filing date with Alaska Supreme Court and motion for reconsideration or clarification of this Court's March 30, 2011 Order (1) denying Estate's motion for judgment on the pleadings or, in the alternative, to stay; and (2) granting in part and denying in part Defendant Oleta L. Cowan Trust's ("Trust") motion for injunction. (Mot. Recons., ECF No. 70) Also before the Court is Defendants Suzanne Dimeff ("Dimeff") and the Trust's response in opposition (Resp. in Opp'n, ECF No. 80) and the Estate's reply in support (Reply in Supp., ECF No. 82). The Court **GRANTS** the Estate's *ex parte* application for instruction and, for the reasons stated below, **DENIES** the Estate's motion for reconsideration and/or clarification.

//

**BACKGROUND**

The present case stems from an ongoing dispute with regard to the claim of right to the late Robert Cowan's share of funds earned in the Exxon Valdez litigation. (Order 1, ECF No. 64) Since Mr. Cowan's death in 2003, the three defendants have been involved in probate litigation in the Superior Court for the State of Alaska. (*Id.* at 1–2) Relevant to the present motion, in May 2010, the Alaska probate court enjoined Defendant Dimeff from participating in proceedings in other courts, including this interpleader action. (*Id.* at 3) Thereafter, the Trust filed a motion in this Court, seeking to enjoin the Estate and the Alaska probate court from preventing Dimeff from participating in the present action. (Mot. for Inj., ECF No. 42) On March 30, 2011, this Court granted the Trust's motion for injunction in part, (Order 11, ECF No. 64) leading to the current motion for reconsideration of that order.

**LEGAL STANDARD**

In the Southern District of California, motions for reconsideration are governed by Local Rule 7.1(i). *See Gallagher v. San Diego Unified Port Dist.*, 2011 U.S. Dist. LEXIS, *2 (S.D. Cal. 2011). Local Rule 7.1(i)(1) allows a party to apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. Civ. R. 7.1(i)(1).

Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). Generally, a reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Newly discovered evidence" is evidence that was in existence at the time of trial but (1) "was discovered after trial"; (2) could not have been discovered at an earlier stage by the "exercise of due diligence"; and (3) "is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Prods. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 1999)).

## ANALYSIS

Evidence of Defendants Dimeff and the Trust's appeal of the Alaska Superior Court Judgment to the Alaska Supreme Court is plainly not "newly discovered evidence" sufficient to warrant reconsideration of Judge Lorenz's March 30, 2011 Order. The appeal was filed on October 30, 2011—five months prior to the issuance of the Order, but five days after the motions had been fully briefed and submitted. (Mot. for Recons. 2, ECF No. 70)

Moreover, the Court declines to clarify the Order as the plain language of the injunction does not appear to preclude the Estate's participation in and defense of Dimeff and the Trust's appeal of the Alaska Superior Court Judgment.

## CONCLUSION

For the reasons stated, the Estate's motion for reconsideration and/or clarification is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 13, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge