# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ESTATE OF ROBERT COWAN, SUZANNE DIMEFF, and OLETA L. COWAN TRUST,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | CASE NO. 10CV821 JLS (BGS)<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>(ECF No. 88) |

Presently before the Court is Defendants Oleta L. Cowan Trust ("Trust") and Suzanne Dimeff's ("Dimeff") motion for sanctions against Defendant Estate of Robert Cowan for violation of this Court's March 30, 2011 Order and injunction. (Mot. Sanctions, ECF No. 88) Also before the Court is Defendant Estate of Cowan's ("Estate") response in opposition, (Resp. in Opp'n, ECF No. 91), and the Trust and Dimeff's reply in support, (Reply in Supp., ECF No. 92). The motion hearing set for November 10, 2011, is **HEREBY VACATED**, and the matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **DENIES** the Trust and Dimeff's motion for sanctions.

This Order incorporates by reference the facts as recited in its March 30, 2011 and September 13, 2011 Orders in this action. (Order, Mar. 30, 2011, ECF No. 64); (Order, Sept. 13, 2011, ECF No. 70)

1    "This case is out of control."  (Mot. for Sanctions 15, ECF No. 88)  On this point—and this
2 point only—the parties agree.  In this motion for sanctions, the Court is once again being called
3 upon to interpret its March 30, 2011 Order.  In that Order, the Court restrained the Estate from
4 engaging in certain activities while also requiring it to perform certain others:

> The Estate of Robert Cowan is hereby **RESTRAINED** from (1) instituting or prosecuting any proceeding in State or United States court affecting the property, instrument or obligation involved in this interpleader action until further order of this court; and (2) taking any action outside of this proceeding, including any action in the Superior Court for the State of Alaska, Third Judicial District at Kenai, in Case No. 3KN-04-52 PR/E, to preclude or impede Suzanne Dimeff from filing an answer to the complaint or crossclaim filed in this action against her, from filing any counterclaim or crossclaim in this action, or from taking any steps herein to pursue or defend her claims, all of which may affect the property, instrument or obligation involved in this interpleader action.
>  . . .
>
> Furthermore, the Estate of Robert Cowan is **ORDERED** no later than **APRIL 11, 2011** to file in the Superior Court for the State of Alaska, Third Judicial District at Kenai, in Case No. 3KN-04-52 PR/E, (1) a notice of withdrawing its motion which led to the issuance of the May 5, 2010 Cease and Desist Order; and (2) a motion to vacate the May 5, 2010 Cease and Desist Order and amend the September 30, 2010 judgment accordingly.
> . . .
>
> It is further **ORDERED** that no later than **April 15, 2011** the Estate of Robert Cowan shall file[] proff with this court of compliance with this order.

(Order 11–12, Mar. 30, 2011, ECF No. 64)

     The Trust and Dimeff contend that the Estate has violated this Court's order because (1) "the Estate did not withdraw the Alaska Superior Court motions which led to the issuance of the May 5, 2010 Cease and Desist Order," (Mot. for Sanctions 10, ECF No. 88); and (2) "the Estate . . . submitted on June 6, 2011 a new Order in the Alaska Superior Court, seeking to change and broaden the findings of the May 5, 2010 Order and the September 30, 2010 Judgment," (*id.* at 11).  Moreover, the Trust and Dimeff assert that sanctions are appropriate because the Estate filed a false statement with this Court, misleading the Court into believing it had complied with its March 30, 2011 Order when in fact it had directly contravened it.  (*Id.* at 14–15)

     The Court finds no basis upon which sanctions are appropriate here.  The Estate complied with the Court's Order to "withdraw[] its motion which led to the issuance of the May 5, 2010 Cease and Desist Order."  (Order, Mar. 3, 2011, ECF No. 64)  That mandate plainly refers to one singular motion, and not a series of motions as the Trust and Dimeff would have the Court read it

1 to mean.  (*See* Mot. for Sanctions 10, ECF No. 88)

2 Though there may have been three motions that preceded and therefore "led to the issuance 3 of" the Cease and Desist Order, the Estate complied with this Court's Order by filing a motion to 4 withdraw its motion that specifically requested the Alaska Court for an Order requiring Dimeff to 5 "cease and desist interfering with the Estate's efforts to collect the assets of the Estate."  (Resp. in 6 Opp'n 11, ECF No. 91); (Pl.'s Ex. C 19, ECF No. 88-5)  That motion is the only of the three that 7 specifically requested the Alaska Court to issue an order that Dimeff "cease and desist."  (Pl.'s Ex. 8 C 19, ECF No. 88-5)  The Estate's March 29, 2010 motion also requested the Alaska Court to 9 issue an order to "bar conduct that undermines the enforcement of [the] Settlement Agreement," 10 (Pl.'s Ex. A 4, ECF No. 88-3), but did not contain language requesting a "cease and desist" order.  11 Given that this Court's March 30, 2011 Order called for withdrawal of the motion—not 12 motions—which lead to the issuance of the "Cease and Desist" order, the Estate's interpretation of 13 the Order is not only reasonable, it is in direct compliance with this Court's mandate.  (*See* Order 14 12, Mar. 30, 2011, ECF No. 64)

15 Additionally, the Estate's compliance with this Court's and the Alaska Superior Court's 16 Orders is not sanctionable conduct.  Per this Court's March 30, 2011 Order, the Estate filed a 17 motion to vacate the May 5, 2010 Cease and Desist Order and amend the September 30, 2010 18 judgement accordingly.  (*See* Order, Mar. 30, 2011, ECF No. 64); (Resp. in Opp'n 12, ECF No. 19 91); (Reply in Supp. 6, ECF No. 92)  The Alaska Court responded to this motion by ordering the 20 Estate to file a proposed order pursuant to Alaska Rule of Civil Procedure 77(b)(3), which requires 21 "an appropriate order for the court's signature in the event that the motion is granted" to be filed 22 with any motion. (Resp. in Opp'n 12, ECF No. 91); (Reply in Supp. 6–7, ECF No. 92)  The Estate 23 then complied with the Alaska Court's Order and filed a proposed order in line with the local 24 rules.

25 First, the filing of the proposed order cannot be deemed a violation of this Court's Order 26 prohibiting the Estate from "instituting" or "prosecuting" any proceeding affecting the property 27 involved in this action.  This Court *ordered* the Estate to file the motion to vacate and amend in the 28 Alaska Court; the proposed order was required under Alaska Rule of Civil Procedure 77(b)(3) to

1  be filed alongside that motion.  The Court's March 30, 2011 Order was not meant to be a double-
2  edged sword: compliance with the Court's mandate on the one hand cannot constitute a violation
3  of its restraint on the other.

4        Second, to the extent that the Trust and Dimeff contend that the Estate violated this Court's
5  Order given the content of the proposed order, the Court notes that the proposed order was exactly
6  that: a "proposed" order.[1]  The Alaska Court was no more bound to adopt in full the Estate's
7  proposed order regarding its motion to vacate or amend than this Court is bound to adopt the Trust
8  and Dimeff's proposed order to grant sanctions.  Accordingly, this Court declines to sanction the
9  Estate for the content of the Alaska Court's order.

10        Having determined that the Estate acted in full compliance of this Court's March 30, 2011
11  Order, the Court concludes as a result that the Estate did not provide a false statement of
12  compliance to this Court.  Thus, for the reasons stated, the Trust and Dimeff's motion for sanctions
13  is **DENIED**.

14        **IT IS SO ORDERED**.

15  DATED: November 4, 2011

16  *Janis L. Sammartino*
    Honorable Janis L. Sammartino
17  United States District Judge

---

[1] The Court also notes that the Alaska Court had before it this Court's March 30, 2011 Order when considering the Estate of Cowan's motion to vacate and amend and the proposed order.